In re "AGENT ORANGE" PRODUCT LIABILITY LITIGATION

MDL No. 381.

United States District Court,
E. D. New York.

May 1, 1980.

Victor J. Yannacone, Jr., Yannacone & Yannacone, Patchogue, N. Y., Schlegel & Trafelet, Ltd., L. Steven Platt, Daniel C. Sullivan, Sullivan Associates, Ltd., Chicago, Ill., Hy Mayerson, Spring City, Pa., David Jaroslawicz, New York City, Newton B. Schwartz, P. C., Benton Musslewhite, Inc., Houston, Tex., Melvin Block, Brooklyn, N. Y., Marshall A. Bernstein, Bernstein, Bernstein & Harrison, Philadelphia, Pa., Louis B. Merhige, New Orleans, La., Dorothy Thompson, Los Angeles, Cal., W. T. McMillan, W. T. McMillan & Co., Associated Counsel for Australian plaintiffs, Brisbane, Queensland, Australia, Jerry G. Wieslander, Frank G. Wieslander, Altoona, Iowa, Lewis

A. Royal, Samuel Zelden, Des Moines, Iowa, David C. Anson, Deconcini, McDonald, Brammer, Yetwin & Lacy, Tucson, Ariz., Phillip E. Brown, Hoberg, Finger, Brown, Cox & Molliga, San Francisco, Cal., Leslie Hulnick, Wichita, Kan., Sidney W. Gilreath, Knoxville, Tenn., for plaintiffs.

Leonard L. Rivkin, Rivkin, Leff & Sherman, Garden City, N. Y., Morton B. Silberman, Clark, Gagliardi & Miller, White Plains, N. Y., Roy L. Reardon, James P. Barrett and Michael V. Corrigan, Simpson, Thacher & Bartlett, Wendell B. Alcorn, Jr., Cadwalader, Wickersham & Taft, Townley & Updike, Bud Holman and William Krohley, Kelley, Drye & Warren, New York City, William H. Sanders, William A. Lynch and Paul G. Lane, Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, Mo., Baker & McKenzie, Chicago, Ill., John M. Fitzpatrick, Dilworth, Paxson, Kalish, Levy & Kauffman, Philadelphia, Pa., Joan Bernott, Dept. of Justice, Washington, D. C., for defendants.

GEORGE C. PRATT, District Judge.

The following orders are based on proceedings at the April 25, 1980 oral argument:

1. With the consent of all parties, the government's motion to dismiss the third-party complaints shall be deemed also to have been directed against the third party complaint of Hooker Chemical and Plastics Company served after the motion was made, and Hooker's "Memorandum of Points and Authorities" in opposition to the motion may be considered by the court.

2. All defendants, including Hooker Chemical and Plastics Company, shall have until Friday, May 2, 1980 to submit additional papers on the pending summary judgment motions, as to which decision was reserved at the April 24, 1980 argument.

3. Dow's motion for a protective order exempting from discovery its "proposed Computer Document Retrieval and Litigation Support System" is deemed to be withdrawn without prejudice. Dow may renew the motion if the parties cannot agree on a

suitable arrangement for protecting the information.

4. The request by plaintiffs' counsel, Victor Yannacone, that additional documents be certified for inclusion in the record on appeal currently before the United States Court of Appeals for the Second Circuit, is denied as stated at the April 24, 1980 oral argument, and for the reasons there given.

5. Updating paragraphs three and four of this court's January 14, 1980 memorandum and order, this court now orders that:

a. Defendants need not file written answers to those complaints in MDL 381 actions other than *Chapman v. Dow*, 79 C 1195, that were filed in the office of the clerk for the Eastern District of New York on or before April 23, 1980. In each action other than *Chapman* it is deemed that defendants deny each and every allegation of the complaint. Further, it is deemed that each and every affirmative defense raised by any and all of the defendants in *Chapman* is pleaded by each defendant in each MDL 381 case. A defendant may assert additional affirmative defenses (or retract affirmative defenses deemed to be pleaded) in any case filed in this district between November 11, 1979 and April 23, 1980, by filing in that case appropriate documents no later than 20 days after the date of this memorandum and order. Notwithstanding the above, any defendant may file a separate complete written answer in actions filed between November 11, 1979 and April 23, 1980, provided the answer is filed no later than 20 days after the date of this memorandum and order.

b. Any third party complaint or amended third party complaint filed by a defendant on or before April 23, 1980 is deemed to have been served and filed in all MDL 381 cases filed on or before that date.

6. As agreed at the April 24, 1980 oral argument, the government shall make every effort promptly to provide all parties with the names and addresses of all persons or organizations that supplied to the government the chemical compounds that are the subject of this litigation.

SO ORDERED.